UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER VARGAS, JR., | No. 2:21-cv-02102 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

Plaintiff, a state prisoner, filed a pro se complaint against the Department of the Treasury, Internal Revenue Service ("IRS"). This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on November 15, 2021 (ECF No. 1) is before the court for screening.

**I.     In Forma Pauperis**

Plaintiff has requested authority to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent

of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening and Pleading Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court must dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. In reviewing a complaint under this standard, the court accepts as true the factual allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to

relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III.     Plaintiff's Allegations

Plaintiff alleges a court directed the IRS to include prisoners in the "Cares Act" by providing Economic Impact Payments, but plaintiff did not receive any payments. Plaintiff filed "several applications" but did not receive a formal response. (ECF No. 1 at 3.) Specifically, plaintiff states he "filed several 1040 2019, 2020, 2021 forms by following the written notice 1444-D" and submitted "all required information" to receive the payments. (Id. at 5.) Plaintiff also filed "form 3911" to report that he never received a payment. (Id.)

Plaintiff alleges the IRS has issued payments to other prisoners but has refused to issue him a payment or acknowledge his letters of inquiry even though he is a qualified citizen to receive the payment. Plaintiff asserts violations of his rights to due process and equal treatment and seeks $3,200 for relief.

### IV.     Discussion

#### A.     Background: The CARES Act and Scholl Class

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to issue economic impact payments ("EIP") to eligible individuals. Scholl v. Mnuchin (Scholl I), 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Eligible individuals could receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. Id. (citing 26 U.S.C. § 6428(a).) This amount was credited against the individual's federal income tax for the year 2020. Id. The EIP is an advance refund of the CARES Act tax credit issued when an eligible individual filed a tax return in 2018 or 2019. Scholl I, 489 F.Supp.3d at 1021; see 26 U.S.C. § 6428(f). Congress provided "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

////

In Scholl I, the district court provisionally certified a class of "[a]ll United States citizens and legal permanent residents who (a) are or were incarcerated in the United States; (b) filed a tax return in 2018 or 2019; or were exempt from a filing obligation; (c) were not claimed as a dependent on another person's tax return; and (d) filed their taxes with a valid Social Security Number. See Scholl I, 489 F. Supp. 3d at 1047. In Scholl v. Mnuchin (Scholl II), 494 F.Supp.3d 661 (N.D. Cal. 2020), the district court granted final certification of this class and entered declaratory relief that "title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated." Scholl II, 494 F.Supp.3d at 692.

The court in Scholl II entered a permanent injunction and directed defendants to reconsider EIPs that had been denied on the sole basis of an individual's incarcerated status. Scholl II, 494 F.Supp.3d at 692-93. The court took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments[.]" Scholl II, 494 F. Supp. 3d at 691. "It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." Scholl II, 494 F. Supp. 3d at 691.

### B. Constitutional Claims

As an agency of the United States, the IRS is immune from suit in the absence of Congressional authorization. City of Whittier v. United States Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979); Castleberry v. Alcohol, Tobacco, & Firearms Div. of Treasury Dept., 530 F.2d 672, 673 n. 3 (5th Cir. 1976). The court lacks subject matter jurisdiction over federal constitutional claims against the IRS or any federal employee in his or her official capacity. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (there is no "direct action for damages against federal agencies"); Cato v. United States, 70 F.3d 1103, 1110-11 (9th Cir. 1995) (no right to a damages remedy against the United States for alleged constitutional violations). Because a damages remedy for alleged violations of plaintiff's constitutional rights does not lie against the IRS, Meyer, 510 U.S. at 486, the court lacks subject matter jurisdiction over plaintiff's suit against the IRS for constitutional violations.

**C. Jurisdiction under 28 U.S.C. § 1346**

There is no private right of action under the CARES Act. Any tax rebate for which a plaintiff may be eligible must be requested through a tax return, as it is the responsibility of the IRS, not the court, to make determinations on rebate or credit eligibility. 28 U.S.C. § 6428(f)(3)(B); Conde, 2021 WL 6000057, at *3. To any extent plaintiff is attempting to bring a tax refund suit, the complaint fails to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). However, the United States consents to be sued for a tax refund only where the taxpayer has "duly filed" an administrative claim.

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). In addition,

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Yuen v. United States, 825 F.2d 244, 245 (9th Cir. 1987); Danoff v. United States, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004) (unless a taxpayer has "duly filed" a claim with the IRS for a refund of Federal taxes, the district court is without jurisdiction over the claim for a refund). The filing of a timely claim is a jurisdictional prerequisite. Yuen, 825 F.2d at 245.

////

Plaintiff alleges he sent 1040 forms, letters of inquiry, and form 3911 to the IRS[1] on unspecified dates. However, the complaint does not adequately plead that plaintiff duly filed a timely refund claim that the IRS has rejected or not acted upon in six months. The complaint therefore fails to establish the court's jurisdiction for a tax refund suit. See 26 U.S.C. § 7422(a); Yuen, 825 F.2d at 245.

### IV.  Conclusion and Order

The complaint fails to establish this court's jurisdiction and fails to state a claim upon which relief can be granted. Because plaintiff proceeds pro se, plaintiff will have an opportunity to correct the complaint's deficiencies to the extent he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If plaintiff does not wish to amend or cannot in good faith state a claim under the applicable standards, then plaintiff may file a notice of voluntary dismissal, after which the action will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

Plaintiff may also elect to forego amendment and notify the court that he wishes to stand on his complaint. If this option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a district judge.

If plaintiff opts to amend, Local Rule 220 requires the amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. The amended complaint should be titled "First Amended Complaint" and should reference the case number.

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

---

[1] The United States—rather than the IRS—is the proper defendant in a tax refund suit. See 26 U.S.C. § 7422(f)(1).

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. An amended complaint curing the deficiencies in the claims identified in this order;

    b. A notice of voluntary dismissal; or

    c. A notice of election to stand on the complaint as filed.

5. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed with prejudice for failure to obey a court order and failure to prosecute.

Dated: April 15, 2022

DLB7
varg2102.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE