UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER VARGAS, JR., <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, et al., <br><br> Defendants. | No.  2:21-cv-02102 WBS DB P <br><br><br> ORDER |

Plaintiff, a state prisoner, proceeds without counsel and seeks relief relating to economic impact payments ("EIPs") allegedly owed but not received under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). Plaintiff's first amended complaint filed on April 29, 2022 (ECF No. 11) is before the court for screening.

For the reasons set forth below, the court lacks subject matter jurisdiction over plaintiff's claims for alleged violations of his constitutional rights brought against the Unites States, its agencies, and officials acting in the scope of their employment. The first amended complaint also fails to state a cognizable claim for a tax refund suit under 28 U.S.C. § 1346 and 26 U.S.C. § 7422. Plaintiff will be granted another opportunity to file an amended complaint to attempt to assert a tax refund cause of action to the extent he can do so by alleging additional facts.

**I.  Screening and Pleading Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

4       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984). The court must dismiss a claim as frivolous where it is based on an indisputably
7  meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at
8  327. In reviewing a complaint under this standard, the court accepts as true the factual allegations
9  of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976),
10 construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the
11 plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will not, however,
12 assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel.
13 Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

14      The court applies the same rules of construction in determining whether the complaint
15 states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Scheuer
16 v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than
17 those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need
18 not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of
19 fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation
20 of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v.
21 Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a
22 claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to
23 relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility
24 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
25 that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

26 **II. Allegations in the First Amended Complaint**

27      Plaintiff alleges he qualified for and submitted all required information to receive all
28 economic impact payments ("EIPs") initiated under the CARES Act. Despite submitting

administrative claims for such payments, however, plaintiff did not receive any payments or a substantive response from the Internal Revenue Services. (See generally, ECF No. 11.) Plaintiff's allegations fairly imply he submitted administrative claims for the EIPs at issue as follows:

(1) Plaintiff submitted a "1040" form dated October 8, 2020. (Id. at 6.)

(2) Plaintiff sent a letter of inquiry and "Form 3911" dated January 27, 2021. (Id. at 7, 56.)

(3) Plaintiff submitted another Form 1040 on May 26, 2021, and then sent several subsequent letters of inquiry. (Id. at 31.)

Plaintiff asserts violations of his constitutional rights to procedural due process and equal protection based on the withheld EIPs. (ECF No. 11 at 3, 6, 9.) He names as defendants the United States, the Department of the Treasury (IRS), former Secretary of the Treasury Steven Turner Mnuchin, and U.S. Commissioner of Internal Revenue Charles Rettig. Plaintiff seeks compensatory damages in the amount of $3,200, representing the full amount of the economic impact payments he claimed and was denied. (Id. at 15.)

**III. Discussion**

**A. Constitutional Claims**

The United States, its agencies, and its employees acting within the scope of their employment cannot be sued without an "unequivocally expressed" statutory waiver of sovereign immunity. Lane v. Pena, 518 U.S. 187, 192 (1996). Sovereign immunity extends to agencies of the United States, including the IRS, which is immune from suit in the absence of Congressional authorization. City of Whittier v. United States Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). A plaintiff bears the burden of establishing that a court's exercise of jurisdiction is within the bounds of the Constitution and authorized by statute. Kokkonen v. Guardian of Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, the first amended complaint cites no statute, and the court knows of none, that waives sovereign immunity on the facts of this case against any of the named defendants for alleged violations of plaintiff's constitutional rights to due process and equal protection of the law. Instead, the court lacks subject matter jurisdiction over these federal constitutional claims against the United States, the IRS, or its officials sued in their official capacity. See F.D.I.C. v.

1  Meyer, 510 U.S. 471, 486 (1994) (there is no "direct action for damages against federal
2  agencies"); Cato v. United States, 70 F.3d 1103, 1110-11 (9th Cir. 1995) (no right to a damages
3  remedy against the United States for alleged constitutional violations). Accordingly, plaintiff's
4  claims for damages alleging violations of his constitutional rights are not cognizable. These
5  claims cannot be cured with further amendment.

### B. Tax Refund Suit

The first amended complaint does not explicitly attempt to assert a cause of action for tax refund pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422 (and instead only asserts constitutional claims). Liberally construing the allegations, however, it appears the remedy plaintiff seeks is recovery of certain tax refunds in the form of EIPs, which could implicate a cause of action under 26 U.S.C. § 7422 against the United States if it were adequately pleaded. Accordingly, the court will grant plaintiff one more opportunity to amend the complaint to attempt to assert a tax refund cause of action pursuant to 26 U.S.C. § 7422. For this purpose, the court provides the following legal standards and notice of the deficiencies in the first amended complaint.

#### 1. Background: The CARES Act, the Scholl Class, and EIPs

The CARES Act, codified in part at 26 U.S.C. § 6428, established a mechanism for the IRS to issue EIPs to eligible individuals. Scholl v. Mnuchin (Scholl I), 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under the CARES Act, eligible individuals could receive a tax credit in the amount of $1,200. Id. (citing 26 U.S.C. § 6428(a).) This amount was credited against the individual's federal income tax for the year 2020. Id. The EIP is an advance refund of the CARES Act tax credit issued when an eligible individual filed a tax return in 2018 or 2019. Scholl I, 489 F.Supp.3d at 1021; see 26 U.S.C. § 6428(f).

In Scholl I, the district court provisionally certified a class of "[a]ll United States citizens and legal permanent residents who (a) are or were incarcerated in the United States; (b) filed a tax return in 2018 or 2019; or were exempt from a filing obligation; (c) were not claimed as a dependent on another person's tax return; and (d) filed their taxes with a valid Social Security Number. See Scholl I, 489 F. Supp. 3d at 1047. In Scholl v. Mnuchin (Scholl II), 494 F.Supp.3d

661 (N.D. Cal. 2020), the district court granted final certification of this class and entered declaratory relief that "title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated." Scholl II, 494 F.Supp.3d at 692.

In Scholl II the court entered a permanent injunction and directed defendants to reconsider EIPs that had been denied on the sole basis of an individual's incarcerated status. 494 F.Supp.3d at 692-93. The court took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments," as Congress has charged the IRS with making individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act. Scholl II, 494 F. Supp. 3d at 691.[1]

There are three EIPs possibly at issue. See Wilson v. Dep't of Treasury Internal Revenue Serv., No. 1:21-cv-01051-NONE-EPG, 2021 WL 4306312, at *2 (E.D. Cal. Sept. 22, 2021) ("Three Federal Acts are implicated in this action: the [CARES Act]; the Consolidated Appropriations Act, 2021 ("CAA"), passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020); and the American Rescue Plan Act of 2021 ("ARPA"), passed on March 11, 2021, Pub. L. 117-2, 135 Stat. 4."). Each of these acts provided for EIPs (or advanced refunds) to be issued to "eligible individual[s]": $1200.00 under the CARES Act, 26 U.S.C. § 6428(a)-(d); $600 under the CAA, 26 U.S.C. § 6428A(a)-(d); and $1400.00 under the ARPA, 26 U.S.C. § 6428B(a)-(d)." Id.

**2. Jurisdiction and Administrative Claim Requirement**

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). However, the United States consents to be sued for a tax refund only where the taxpayer has "duly filed" an administrative claim:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously

---

[1] To the extent plaintiff alleges the IRS failed to provide him EIPs due to his incarcerated status, such a claim places him squarely within the Scholl Class, as contemplated by that class action. As a member of the Scholl Class, plaintiff is not entitled to separate individual relief pertaining to such a claim. See Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).

5

> or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). And further,

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1). Thus, before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Internal Revenue Code by filing a timely administrative claim which the IRS either rejects or does not act upon in six months. Thomas v. U.S., 755 F.2d 728, 729 (9th Cir. 1985); see also U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4-5 (2008).

Treasury Regulations establish additional jurisdictional requirements for claims for tax refunds. Boyd v. U.S., 762 F.2d 1369, 1371 (9th Cir. 1985); see 26 C.F.R. § 301.6402-2. If the refund claim does not meet the requirements of the Internal Revenue Code and the regulations, then the suit must be dismissed. Boyd, 762 F.2d at 1371.

The regulations promulgated under 26 U.S.C. § 7422(a) state a refund claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b); see also Dunn & Black, P.S. v. U.S., 492 F.3d at 1091 (9th Cir. 2007) ("[T]he taxpayer cannot recover in its suit for refund on a different ground than that set forth in the claim for refund.") (citation omitted). In addition, "[t]he statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit." 26 C.F.R. § 301.6402-2(b).

The refund claim must also be filed with the IRS within the time limits established by the Internal Revenue Code. N. Life Ins. Co. v. U.S., 685 F.2d 277, 279 (9th Cir. 1982). The IRS

regulations require that an administrative claim be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later. See 26 U.S.C. § 6511(a); 26 C.F.R. § 301.6402-2(a).

For some claims, Treasury Regulations require that the refund claim be made on a specific, prescribed form. 26 C.F.R. § 301.6402-2(c); see also 26 C.F.R. § 301.6402-2(a)(2) ("if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance….").

These requirements were "devised, not as traps for the unwary, but for the convenience of government officials in passing upon claims for refund and in preparing for trial." Tucker v. Alexander, 275 U.S. 228, 231 (1927). Accordingly, when assessing suits for refund, courts remain "mindful that the basic purpose of § 7422(a) and the accompanying regulations are 'to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated' ... and 'to prevent surprise on the facts.'" Lemoge v. U.S., 378 F. Supp. 228, 232 (N.D. Cal. 1974) (citations omitted).

### a. 10/08/20 Administrative Claim (Form 1040)

Plaintiff alleges he submitted a Form 1040 dated October 8, 2020 for the first EIP.[2] (ECF No. 11 at 6.) Plaintiff further alleges the time for the IRS to respond to this claim has passed. (Id.) Plaintiff does not, however, allege facts describing the details asserted in the October 8, 2020 claim and does not attach any documents to support an assertion that this claim was administratively-complaint with the requirements of 26 C.F.R. § 301.6402-2(b) set forth above. While there is a 1040 form dated October 8, 2020 attached to the first amended complaint (see ECF No. 11 at 28-29), this particular form is blank except for the signature and date. Therefore, neither the first amended complaint's allegations nor the attached documents suffice to show that an administratively-complaint claim was filed on October 8, 2020.

---

[2] The October 8, 2020 Form 1040 could not have encompassed the second and third EIPs under the CAA and the ARPA, respectively, as these Acts were passed after October 8, 2020. See Pub. L. 116-260, 134 Stat. 1182 (CAA, passed on December 27, 2020); Pub. L. 117-2, 135 Stat. 4 (ARPA, passed on March 11, 2021).

7

This is significant because, as noted, a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." Dunn, 492 F.3d at 1091. Plaintiff can only sue in this court based on substantially the same claim as presented to the IRS in the duly filed administrative claim. Where plaintiff has not provided any information regarding the content of the October 8, 2020 refund claim, there is no plausible basis for the court to conclude that this case falls within the waiver of sovereign immunity necessary to establish jurisdiction. Moreover, without knowing what information plaintiff provided in this refund claim, the court cannot conclude that the basic purpose of 26 U.S.C. § 7422(a) is satisfied, giving defendant an opportunity to understand and evaluate the specific facts of the claim. See Lemoge, 378 F. Supp. at 232. Thus, even if plaintiff had asserted a cause of action pursuant to 26 U.S.C. § 7422(a) in the first amended complaint—which he did not—there are insufficient facts to establish this court's jurisdiction over a claim with respect to the first EIP based on the alleged submission of a 1040 form on October 8, 2020. See, e.g., Provenzano v. U.S., 123 F. Supp. 2d 554, 557-58 (S.D. Cal. 2020) (dismissing tax refund suit for failure to comply with jurisdictional prerequisites, including a failure to "provide sufficient detail" in the claim submitted to the IRS).

### b. 1/27/21 Administrative Claim (Form 3911)

Plaintiff alleges he submitted a Form 3911 dated January 27, 2021, together with a letter of inquiry. (ECF No. 11 at 7.) Plaintiff also alleges the time for the IRS to respond to this claim has passed. (Id.)

Again, though, the first amended complaint lacks allegations describing the details asserted in this claim that complied with the requirements of 26 C.F.R. § 301.6402-2(b). Plaintiff also does not attach any documents to show that this was an administratively-complaint claim (here, a copy of the Form 3911 submitted on January 27, 2021). See 26 C.F.R. § 301.6402-2(b). Without knowing what information plaintiff provided in the January 27, 2021 Form 3911, the court cannot conclude that this case falls within the waiver of sovereign immunity necessary to establish jurisdiction, or that plaintiff has satisfied the requirements of 26 U.S.C. § 7422(a) by setting forth the specific facts of the claim. See Dunn, 492 F.3d at 1091; Lemoge, 378 F. Supp. at 232; Provenzano, 123 F. Supp. 2d at 557.

**c. 5/26/21 Administrative Claim (Form 3911) and Subsequent Claims**

Plaintiff alleges he submitted another Form 3911 on May 26, 2021. A Form 3911 dated May 26, 2021 is attached to the first amended complaint and purports to request a $1,800 refund. (ECF No. 11 at 30-31.) However, this Form 3911 is unsigned by plaintiff. (See id.) It therefore cannot demonstrate that an administratively-complaint claim was filed on May 26, 2021. See 26 C.F.R. § 301.6402-2(b) ("The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury," or it "will not be considered for any purpose as a claim for refund or credit."). Separately, neither the Form 3911 alleged to have been submitted on May 26, 2021, nor any subsequent administrative claim could constitute a duly filed claim for purposes of this action because this action was filed less than six months later, on November 15, 2021. See 26 U.S.C. § 6532(a)(1) ("[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time").

**IV. Conclusion and Order**

The first amended complaint fails to establish this court's jurisdiction and fails to state a claim upon which relief can be granted. Plaintiff is granted leave to file a further amended complaint to attempt to correct the complaint's deficiencies to the extent he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff should note this opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of any tax refund suit he wishes to bring.

If plaintiff does not wish to amend or cannot in good faith state a claim under the applicable standards, then plaintiff may file a notice of voluntary dismissal, after which the action will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

Plaintiff may also elect to forego amendment and notify the court that he wishes to stand on his complaint. If this option is chosen, the undersigned will issue findings and

////

recommendations to dismiss the complaint without further leave to amend and the matter will be decided by the assigned district judge after plaintiff has an opportunity to object.

If plaintiff opts to amend, Local Rule 220 requires the amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the prior complaint). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. The amended complaint should be titled "Second Amended Complaint" and reference the case number.

In accordance with the above, IT IS HEREBY ORDERED:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

2. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. A further amended complaint curing the deficiencies in the claims identified in this order;

    b. A notice of voluntary dismissal; or

    c. A notice of election to stand on the first amended complaint as filed.

5. Plaintiff is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed with prejudice for failure to obey a court order and failure to prosecute.

Dated: August 30, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
varg2102.scrn.fac